**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CAUSE OF ACTION INSTITUTE
1875 Eye St., NW, Suite 800
Washington, DC 20006,

Plaintiff,

v.

UNITED STATES DEPARTMENT
OF THE TREASURY
1500 Pennsylvania Ave., NW
Washington, DC 20220,

and

INTERNAL REVENUE SERVICE
1111 Constitution Ave., NW
Washington, DC 20224,

Defendants.

Civil Action No. 17-382

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records relating to the procedures of the United States Department of the Treasury ("Treasury") and the Internal Revenue Service ("IRS") for determining whether IRS rulemakings meet the definition of a "major rule" under Executive Order 12,866 and the Congressional Review Act. The records were requested by Plaintiff Cause of Action Institute ("CoA Institute") and improperly withheld by Defendants.

## NATURE OF THE ACTION

2. In many instances, the IRS does not to submit its rules to the White House Office of Information and Regulatory Affairs for pre-publication review or to the Government

Accountability Office and Congress for review under the Congressional Review Act. *See* Br. for *Amicus Curiae* Cause of Action Inst. at 5–9, *Fl. Bankers Ass'n v. Dep't of the Treasury*, No. 15-969 (U.S. filed Feb. 26, 2016), *available at* http://coainst.org/2aIaPVH.

3. The IRS claims that it is exempt from these oversight mechanisms under a 1983 Memorandum of Agreement between Treasury and the White House Office of Management and Budget, *see* Ex. 4 at 6–12, and because "the effect of [its] rule[s] is usually due to the underlying statute, rather than to the regulation." I.R.M. 32.1.2.4.3.2. (Sept. 23, 2011).

4. CoA Institute submitted the FOIA requests that are the subject of this Complaint to uncover the regulatory history and authority behind the above claims. To date, Defendants have not issued a final determination on or produced any records in response to CoA Institute's FOIA requests. The failure to issue a timely determination on the FOIA requests at issue violates CoA Institute's rights under FOIA.

**JURISDICTION AND VENUE**

5. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

7. CoA Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. It regularly requests access under FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

8. Treasury is an agency within the meaning of 5 U.S.C. § 552(f)(1). It has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.

9. The IRS is an agency within the meaning of 5 U.S.C. § 552(f)(1). It has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

### A. FOIA Request Number F17285-0082

10. By letter, dated October 4, 2016, CoA Institute sent a FOIA request to the IRS seeking access to prior versions of three sections of the Internal Revenue Manual. Ex. 1.

11. CoA Institute sought a public interest fee waiver and to be classified as a representative of the news media for fee purposes. *Id.* at 2–3.

12. By letter, dated November 7, 2016, the IRS acknowledged receipt of the request, invoked the ten-day statutory response extension, unilaterally extended the response date to February 7, 2017, and assigned the request case number F17285-0082. Ex. 2.

13. The IRS did not make a determination on CoA Institute's fee waiver or fee category request.

14. By letter, dated February 1, 2017, the IRS unilaterally extended the estimated response date to May 5, 2017. Ex. 3.

15. CoA Institute has had no further communications with the IRS regarding this request.

### B. FOIA Request Number F17299-0051

16. By letter, dated October 20, 2016, CoA Institute sent a FOIA request to the IRS seeking records "that establish or explain the Treasury and/or IRS policy for when a rule is

required to be reviewed or is subject to the approval of an Assistant Secretary prior to issuance." Ex. 4 at 2. The request also sought all prior versions of any responsive records. *Id.*

17. CoA Institute sought a public interest fee waiver and to be classified as a representative of the news media for fee purposes. *Id.* at 2–3.

18. By letter, dated November 22, 2016, the IRS acknowledged receipt of the request, invoked the ten-day statutory response extension, unilaterally extended the response date to February 23, 2017, and assigned the request case number F17299-0051. Ex. 5.

19. The IRS did not make a determination on CoA Institute's fee waiver or fee category request.

20. By letter, dated February 23, 2017, the IRS unilaterally extended the estimated response date to May 24, 2017. Ex. 6.

21. CoA Institute has had no further communications with the IRS regarding this request.

**C. <u>FOIA Request Number 2016-11-008</u>**

22. By letter, dated October 20, 2016, CoA Institute sent a FOIA request to the Treasury Departmental Office seeking records "that establish or explain the Treasury and/or IRS policy for when a rule is required to be reviewed or is subject to the approval of an Assistant Secretary prior to issuance." Ex. 4 at 2. The request also sought all prior versions of any responsive records. *Id.*

23. CoA Institute sought a public interest fee waiver and to be classified as a representative of the news media for fee purposes. *Id.* at 2–3.

24. By letter, dated November 7, 2016, the Treasury Departmental Office acknowledged receipt of the request, invoked the ten-day statutory response extension, granted

CoA Institute's request to be classified as a representative of the news media, and assigned the request case number 2016-11-008. Ex. 7.

25. CoA Institute has had no further communications with the Treasury Departmental Office regarding this request.

**COUNT 1**

**Violation of FOIA: Failure to Comply with Statutory Deadlines**

26. CoA Institute repeats all of the above paragraphs.

27. FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B).

28. More than thirty (30) business days have passed since Treasury and the IRS received the FOIA requests at issue in this suit.

29. Neither Treasury nor the IRS has issued a final determination on or produced any records responsive to the FOIA requests at issue within the applicable FOIA time limits. Both Defendants have therefore failed to comply with FOIA's statutory deadline to issue a final determination.

30. CoA Institute has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff CoA Institute respectfully requests and prays that this Court:

a. order both Defendants to process the FOIA requests at issue in this suit and make a final determination on them within twenty (20) business days of the date of the Order;

b. order both Defendants to produce all responsive records promptly upon issuing their final determinations;

c. award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. grant such other relief as the Court may deem just and proper.

Date: March 3, 2017

Respectfully submitted,

*/s/ R. James Valvo, III*
R. James Valvo, III
D.C. Bar. No. 1017390
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye St., NW, Suite 800
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
james.valvo@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff*